```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   JACKSONVILLE DIVISION
```

DOMINIC ALAN DIMAIO,

        Plaintiff,

v.                                  Case No. 3:20-cv-984-J-39MCR

JACKSONVILLE SHERIFF'S OFFICE,
et al.,

        Defendants.
_____

## ORDER

Plaintiff, Dominic Alan Dimaio, an inmate at the Duval County Jail, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Docs. 2, 9).[1] Plaintiff names as Defendants the Jacksonville Sheriff's Office, two John Doe housing officers, and unknown employees or agents of Armor Healthcare. See Compl. at 2-3.

In an exhibit filed with his complaint (Doc. 1-1; Ex. A), Plaintiff explains two corrections officers assaulted him on February 5, 2020, causing injuries that required medical treatment. See Ex. A at 2. Plaintiff had x-rays taken and received temporary pain medication, but he alleges his requests for continued or different treatment have been ignored or denied. Id.

---

[1] The Court will rule on Plaintiff's motion to proceed as a pauper and his other motions (Docs. 5, 7, 8) in a separate order.

at 3. As relief, Plaintiff seeks an injunction to ensure he remains safe and receives medical treatment; declaratory relief; and damages. Id. at 7. He also seeks a "writ of habeas corpus to seek an answer for items shown in all complaints . . . submitted to the Courts of Florida, that have gone unanswered." Id.

Plaintiff's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that a district court may dismiss a complaint that, among other reasons, fails to state a claim upon which relief may be granted. Plaintiff is advised that a viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: the conduct complained of was committed by a person acting under color of state law, and this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Upon review of the complaint, the Court opines that Plaintiff has failed to set forth his claims sufficiently. First, Plaintiff names Defendants not subject to suit under § 1983, or Defendants not personally involved in the alleged conduct. In Florida, a sheriff's office is not a legal entity subject to suit in a civil rights action brought under § 1983. Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) (citing Chapter 30, Florida Statutes) ("Florida law does not recognize a jail facility as a legal entity separate and apart

2

from the Sheriff charged with its operation and control."). See also Herrera v. Rambosk, No. 217CV472FTM29MRM, 2019 WL 1254772, at *4 (M.D. Fla. Mar. 19, 2019) (dismissing the Collier County Jail under § 1915(e)(2)(B)(ii)).

As to the individual officers, each identified as "John Doe," Plaintiff should know the Eleventh Circuit has consistently held that "fictitious-party pleading is not permitted in federal court," unless a plaintiff describes a John Doe defendant with such particularity that he or she can be identified and served. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming dismissal of a John Doe defendant where the plaintiff failed to identify or describe the individual "guard" allegedly involved); Williams v. DeKalb Cty. Jail, 638 F. App'x 976, 976-77 (11th Cir. 2016) ("A fictitious name . . . is insufficient to sustain a cause of action.").

Even more, Plaintiff does not attribute factual allegations to the John Doe housing officers. If these Defendants are the "corrections officers" who allegedly assaulted Plaintiff on February 5, 2020, Plaintiff identifies them by name (Griffith and Richard) in his factual summary. See Ex. A at 2, 7. Plaintiff should identify all Defendants consistently. If the John Doe Defendants are the ones who allegedly assaulted Plaintiff, but Plaintiff does not know their full names, he should provide the information he knows and also describe them by title, appearance,

3

or shift assignment so they can be identified and served, if necessary.

As to Armor Healthcare, Plaintiff is advised that supervisory officials, including healthcare companies, cannot be held liable under § 1983 on the basis of supervisory liability in the absence of allegations identifying a policy or custom that was the moving force behind a constitutional violation. See Ross v. Corizon Med. Servs., 700 F. App'x 914, 917 (11th Cir. 2017) (citing Craig v. Floyd Cty., 643 F.3d 1306, 1310 (11th Cir. 2011)). See also Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.").

If Plaintiff seeks to hold individual healthcare employees liable for the alleged denial of medical care, he should name those individuals as Defendants and explain what conduct by them gives rise to a constitutional claim. But Plaintiff should know that allegations of medical negligence or a disagreement with medical care do not give rise to a constitutional claim.

Second, some of Plaintiff's claims are unclear or not cognizable as alleged. Plaintiff identifies the First, Fourth, Fifth, Eighth, and Fourteenth Amendments as the source of his claims, but his factual allegations do not support claims under

4

the First, Fourth, Fifth, or Eighth Amendments. See Compl. at 3. Plaintiff says his First Amendment right to petition for redress of grievances was violated, but he does not allege facts showing a First Amendment violation. For instance, he does not contend anyone retaliated against him for engaging in protected speech (writing grievances). Plaintiff seems to base this claim on the lack of satisfactory response to his grievances. See Ex. A at 5.

Plaintiff maintains the Sheriff's Office and Armor Healthcare violated his Fifth Amendment due process rights by "not protecting him and providing medical services to treat his injuries." Id. The Fifth Amendment governs the conduct of federal actors, not state actors. See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989). Because Plaintiff sues state actors, the Fifth Amendment is inapplicable.

As to Plaintiff's claims for excessive force and the denial of medical care, neither the Fourth Amendment nor the Eighth Amendment applies. "[T]he Fourth Amendment prevents the use of excessive force during arrests, and the Eighth Amendment serves as the primary source of protection against excessive force after conviction." Piazza v. Jefferson Cty., Alabama, 923 F.3d 947, 952 (11th Cir. 2019) (internal citations omitted). See also Patel v. Lanier Cty. Georgia, 969 F.3d 1173, 1181 (11th Cir. 2020) ("[T]he Supreme Court clarified that the Eighth Amendment's malicious-and-sadistic standard—which applies to incarcerated prisoners—does not

5

extend to pretrial detainees."). Pretrial detainees are protected by the Fourteenth Amendment. Piazza, 923 F.3d at 952.

Finally, Plaintiff alleges he "wishes to treat this complaint as a . . . petition for writ of habeas corpus due to his illegal detention," and because the state court denied his petition for such relief. See Ex. A at 4-5. Plaintiff may not challenge the fact or duration of his detention in this civil rights action. Additionally, to the extent Plaintiff is unsatisfied with state court rulings or judgments, he should know that this Court does not act as a super-appellate court for the state courts.

To proceed, Plaintiff must file an amended complaint on the enclosed civil rights complaint form and in compliance with federal pleading standards. Federal Rule of Civil Procedure 8(a) requires a pleading to include a short and plain statement of the claim showing the pleader is entitled to relief. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To survive dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." Id.

If Plaintiff chooses to amend his complaint, he should assess his case and name as defendants only those individuals allegedly

6

responsible for violating his federal constitutional rights, and he must allege how each individual is so responsible. Plaintiff must also adhere to the following instructions.

1. The amended complaint must be marked, "Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

3. The amended complaint must state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B. If Plaintiff does not know a defendant's name, he should describe that person and his/her title, position, or rank in as much detail as possible.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[2]

7. In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured Plaintiff.

---

[2] Plaintiff may attach additional pages if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

8. In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action.[3]

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

---

[3] Plaintiff is advised that "[t]he [Prison Litigation Reform Act (PLRA)] places substantial restrictions on the judicial relief that prisoners can seek . . . ." Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting Al-Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011)).

8

Accordingly, it is now

**ORDERED**:

1. The **Clerk** shall send Plaintiff a Civil Rights Complaint form.

2. By **December 4, 2020,** Plaintiff must mail an amended complaint to the Court for filing. The amended complaint should comply with the instructions on the form and those provided in this order.

3. Also by **December 4, 2020,** Plaintiff must mail to the Court one copy of the amended complaint (including exhibits)[4] for each named defendant.

4. Plaintiff's failure to comply with this order may result in the dismissal of this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of November 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-6

c:
Dominic Alan Dimaio

---

[4] Plaintiff may include exhibits, such as grievances or medical records. Plaintiff must individually number each exhibit in the lower right-hand corner of each exhibit. If his first exhibit has multiple pages, he should number the pages 1-A, 1-B, 1-C, etc.

9