UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DOMINIC ALAN DIMAIO,

        Plaintiff,

v.                                           Case No. 3:20-cv-984-J-39MCR

JACKSONVILLE SHERIFF'S
OFFICE, et al.,

        Defendants.
_____

**ORDER**

Plaintiff, Dominic Alan Dimaio, an inmate at the Duval County Jail, moves the Court to enter a preliminary injunction or temporary restraining order (Doc. 14; Motion), which he supports with a declaration (Doc. 15; Dec.). In the Motion, Plaintiff asserts he has been and continues to be harmed by Officer Griffin and Griffin's co-workers and supervisors. See Motion at 2. Plaintiff says Officer Griffin has been retaliating against him and has threatened to kill him. Id. at 2, 3. As relief, Plaintiff seeks the entry of a temporary restraining order to protect him from Officer Griffin. Id. at 5. He also seeks an order to preserve video (surveillance) footage. Id. at 2. Plaintiff does not explain what video footage he wants preserved, nor does he describe

in his motion any instance of violence against him.[1]

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must

---

[1] While Plaintiff does not explain in his motion how Officer Griffin has harmed him in the past, in his amended complaint (Doc. 16) and supporting exhibit (Doc. 16-1), Plaintiff alleges that Officer Griffin and another officer assaulted him almost a year ago, on February 5, 2020. To the extent Plaintiff wants the Court to order video footage of that incident be retained, it is not clear that any video footage of the incident ever existed and, if so, whether it would still be available. Additionally, upon review of the exhibit Plaintiff offers in support of his amended complaint (Doc. 16-1), Plaintiff requested that jail officials save video footage for September 21, 2020, through October 1, 2020, to show that he was not permitted to use the shower or the phone frequently during that time. A jail official responded that the request was too broad. See Doc. 16-1 at 13.

be neither remote nor speculative, but actual and imminent.'" Siegel, 234 F.3d at 1176.

Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. First, Plaintiff fails to show "irreparable injury will be suffered if the relief is not granted." See Schiavo, 403 F.3d at 1225. Plaintiff only vaguely states he believes Officer Griffin will harm or kill him. He provides no facts in his motion or declaration explaining why he fears Officer Griffin will harm him in the future.[2] Instead, Plaintiff refers only to past incidents of alleged retaliatory conduct, which do not appear directly attributable to Officer Griffin. For instance, Plaintiff asserts he incurred false disciplinary charges and contracted COVID-19, the side effects of which caused him to fall, necessitating stitches in his head. See Motion at 3; Dec. at 2-3.

In his amended complaint (Doc. 16), Plaintiff provides a bit more detail than he does in his motion about Officer Griffin's alleged threat to harm him in the future. Plaintiff states, "On December 5th Officer Griffin . . . threatened the Plaintiffs [sic] life if the lawsuit 'wasn't dropped.'" Doc. 16 at 21. The Court may not grant injunctive relief based solely on Plaintiff's unsupported, self-serving allegations. Moreover, it appears jail officials have intervened since the

---

[2] Despite the vagueness of Plaintiff's assertions, the Clerk of Court sent to jail officials a copy of Plaintiff's motion and the Amended Standing Order (Doc. 17) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm.

alleged threat. Plaintiff provides a copy of a letter he sent to the internal affairs office on December 6, 2020. See Doc. 16-1 at 24. He notes in the letter that his mom contacted the jail and "Officer Griffin . . . ultimately . . . was moved so there were no further episodes of enounterment [sic]." See Doc. 16-1 at 27. Accordingly, Plaintiff fails to show any irreparable harm is "actual and imminent.'" See Siegel, 234 F.3d at 1176.

Even if Plaintiff were to demonstrate he would suffer irreparable harm if an injunction does not issue, he fails to demonstrate a likelihood of success on the merits of his underlying claims. Indeed, on November 5, 2020, the Court directed Plaintiff to amend his complaint because he failed to state a plausible claim against the only named Defendants, the Jacksonville Sheriff's Office and Armor Healthcare. See Order (Doc. 10). Plaintiff did not name Officer Griffin as a Defendant in his original complaint.

The Court received Plaintiff's amended complaint the same day he filed his motion for injunctive relief (Doc. 16). The amended complaint is under review, and the Court will take appropriate action on it as its calendar permits. However, even if Plaintiff has cured the deficiencies present in his initial complaint, he is not entitled to injunctive relief simply for setting forth a plausible claim. See S. Wine & Spirits of Am., Inc. v. Simpkins, No. 10-21136-Civ, 2011 WL 124631, at *2 (S.D. Fla. Jan. 14, 2011) ("A substantial likelihood

4

of success on the merits is shown if good reasons for anticipating that result are demonstrated. It is not enough that a merely colorable claim is advanced.").

Accordingly, Plaintiff's motion for injunctive relief (Doc. 14) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of January 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Dominic Alan Dimaio